Reversed and Remanded Memorandum Opinion filed October 28, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00297-CV

___________________

 

R.K. Dhingra, Trustee a/k/a Rakesh Kumar
Dhingra, Appellant

 

V.

 

Laguna Townhomes Community Association of
Houston, Inc., Appellee



 



 

On
Appeal from the County Civil Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 917,759

 



 

 

MEMORANDUM OPINION

            A homeowners’ association sued one of its property
owners on a breach of contract. The trial court granted summary judgment in
favor of the homeowners’ association, awarding damages and attorney’s fees.
Appealing pro se, the property owner contends summary judgment was erroneous
because of contested issues of fact. We agree and reverse.

BACKGROUND

            R.K.
Dhingra, Trustee a/k/a Rakesh Kumar Dhingra (“Dhingra”) purchased property in a
townhome community managed by the Laguna Townhomes Community Association of
Houston, Inc. (“Laguna”). The conveyance was made subject to a declaration of
covenants, conditions, and restrictions. The declaration gives Laguna the
authority to levy annual and special assessments against each of its property
owners. Laguna can also charge interest, other costs, and reasonable attorney’s
fees, all of which are secured by a continuing lien against the property.

            In
April 2008, Laguna sued Dhingra to foreclose on its lien and collect on unpaid
assessments and other charges. Laguna subsequently moved for summary judgment
on September 26, 2008, alleging various amounts of damages. Laguna claimed that
its actual damages as of September 1, 2008 amounted to $1,961.90. Laguna
sought, however, $2,173.54 in expected damages “[a]s of the [October] date of submission/hearing.”
The difference would account for October’s monthly assessment of $191.64 and,
presumably, two late fees of $10 each, one for both September and October, with
each being assessed on the sixteenth day of the month.

            The
summary judgment evidence consisted of an affidavit from Harrison Smith, Laguna’s
records custodian; a copy of the special warranty deed showing ownership over
the property in “R.K. Dhingra, Trustee”; a copy of Dhingra’s account history
with Laguna; and an affidavit from Laguna’s counsel attesting to the
reasonableness of his $2,280 in attorney’s fees and private process costs. The
account history shows charges and credits between September 30, 2006 and
September 1, 2008. Though current through September 23, 2008, the account
history does not reflect a late charge for the month of September 2008.

            Dhingra
filed a controverting affidavit stating that the amount of damages claimed in
Smith’s affidavit did not match the numbers in the account history. Dhingra’s
affidavit also pointed out that the claim for attorney’s fees incorrectly
reflected charges that he did not owe.

            The
trial court granted Laguna’s motion for summary judgment in October 2008. On
appeal, Dhingra challenges the conclusory allegations of Laguna’s damages and
attorney’s fees, as well as the basis for his personal liability. Laguna did
not submit a brief in response.

DISCUSSION

A.    Standard
of Review

We review a trial
court’s summary judgment de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). In a traditional motion for summary judgment,
the movant bears the burden of showing that no genuine issue of material fact
exists and that the trial court must grant a judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999). We review the evidence in a light favorable to the nonmovant and indulge
every reasonable inference in the nonmovant’s favor. Dorsett, 164 S.W.3d
at 661; Knott, 128 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).

Summary judgments must
stand on their own merits. M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
28 S.W.3d 22, 23 (Tex. 2000). The nonmovant has no burden to respond to a
traditional summary judgment unless the movant conclusively establishes its
cause of action. See id.; Rhône-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 222–23 (Tex. 1999); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979).

B.    
Proof of Damages and Attorney’s Fees

In his first and second
issues, Dhingra contends that the summary judgment evidence fails to support
Laguna’s claim for damages and attorney’s fees. The asserted cause of action is
essentially one for breach of the declaration. To prevail on a breach of
contract claim, Laguna bears the burden of conclusively proving actual damages
sustained by the breach. M7 Capital LLC v. Miller, 312 S.W.3d 214, 220
(Tex. App.—Houston [14th Dist.] 2010, pet. denied). Interested parties may
submit affidavits in support of a motion for summary judgment, but the
affidavits must set forth facts, not legal conclusions. Tex. R. Civ. P. 166a(f); see Mercer v. Daoran Corp.,
676 S.W.2d 580, 583 (Tex. 1984). A legal conclusion is a statement that does
not provide the underlying facts to support the conclusion. 1001 McKinney
Ltd. v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20, 27
(Tex. App.—Houston [14th Dist.] 2005, no pet.). To serve as competent summary
judgment evidence, all statements in the affidavit must instead be “clear,
positive and direct, otherwise credible and free from contradictions and
inconsistencies, and [susceptible of being] readily controverted.” Tex. R. Civ. P. 166a(c).

We conclude that Laguna
failed to carry its burden of producing competent summary judgment evidence. The
affidavit of Harrison Smith provides as follows:

7.         After
all lawful offsets and credits there remains due and owing the Association by
Dhingra the sum of $1,961.90 (which excludes attorneys fees and costs in
this litigation from Defendant’s ledger referenced in paragraph 8 below)
which represents maintenance assessments, special assessments and related
costs incurred through September 1, 2008, by Dhingra on Lot No.
54 located within the Association; an additional monthly assessment of $191.64
accrues each month beginning October 1, 2008, together with a monthly late fee
of $10.00 if not paid by the 16th of the month beginning September 15, 2008.

8.         The
Association, on its own and through its attorneys, have demanded in writing
that Dhingra pay these monies that are due and owing. As of the date of
submission/hearing [see ¶7 above], Dhingra has failed and refused, and
continues to fail and refuse, to pay the sum of $2,173.54, for
which Dhingra is contractually obligated to pay the Association under the
Declaration and its amendments. A true and correct copy of Dhingra’s account is
attached as Exhibit “A-2.”

 

The attached account
history shows charges and credits between September 30, 2006 and September 1,
2008, with an ending balance of $4,024.99. The account history also itemizes
the amounts due for maintenance fees, legal fees, late charges, interest, and
credits. The affidavit does not, however, explain how Laguna arrived at any of
the amounts it claims as damages. After reviewing the account history, we are
unable to mathematically match the account numbers with the amount of actual
damages Laguna claims in the affidavit.[1]
Laguna also claims that its expected damages should amount to $2,173.54 by the
October hearing on the motion for summary judgment, a figure that would include
an additional monthly assessment and two late fees for September and October. Even
if we were to disregard the conclusory claim for actual damages, Laguna’s claim
for expected damages would still be unsupported by the facts because the
account history, which is current through September 23, 2008, shows no late fee
assessed on September 16.

Complicating matters
further is the award for attorney’s fees. The affidavit from Laguna’s counsel
asserts $2,280 in legal fees, but the account history reveals charges of over
$2,500. If Dhingra’s credits were partially used to compensate Laguna’s
attorneys, as this discrepancy might suggest, then Laguna has the burden of
showing how those credits were allocated. As it stands though, the evidence is
wholly open to speculation as to how Laguna reached final figures for any of
its claims. Because the evidence is not competent under Rule 166a(c) and
because Laguna provides no other factual basis for its assertions, we must
reverse the trial court’s grant of summary judgment.

CONCLUSION

            Dhingra
submitted three issues on appeal. We sustain the first and second, and do not
reach the merits on the third. Therefore, the trial court’s grant of summary
judgment is reversed and remanded.                                                                          

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.









[1]
The account history shows a zero balance due on June 15, 2007. If we add up all
the charges from that point forward, deducting payments made and attorney’s
fees, the amount due would be $1,524.90, not $1,961.90.

 




 
 
 Maintenance Assessments
 
 
 $2,835.08
 
 
 
 
 Late Charges
 
 
 110.00
 
 
 
 
 Misc. Process Fees
 
 
 50.42
 
 
 
 
 Interest
 
 
 37.40
 
 
 
 
 Subtotal
 
 
 $3,032.90
 
 
 
 
 Credits 
 
 
 1,508.00
 
 
 
 
 Subtotal
 
 
 $1,524.90
 
 
 
 
 Legal Fees
 
 
 2,500.09
 
 
 
 
 Total Balance
 
 
 $4,024.99