Opinion issued April 28, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00077-CV

———————————

CMA-CGM (America) Inc., Appellant

V.

Empire Truck
Lines, Inc.,
Appellee



 



 

On Appeal from the 11th District Court

Harris County, Texas



Trial Court Case No. 2005–22806

 



 

MEMORANDUM OPINION

          This is an appeal from a summary
judgment denying appellant CMA-CGM (America) Inc.’s (“CMA”) cross-claim for
contractual indemnity against its co-defendant, appellee Empire Truck Lines Inc.
(“Empire”), in a personal injury suit. The trial court granted Empire’s motion
for summary judgment on the ground that the parties’ indemnity agreement,
although enforceable under Maryland law, is unenforceable here because it
violates Section 623.0155 of the Texas Transportation Code. In three issues,
CMA contends that the trial court erred in granting summary judgment because
(1) Texas policy favoring freedom of contract prevails over Section 623.0155 of
the Transportation Code, (2) Empire failed to meet its evidentiary burden, and
(3) the trial court erroneously overruled, by implication, CMA’s objections to
certain evidence. We conclude that Empire has not met its burden of
establishing that Section 623.0155 of the Transportation Code applies to the
parties’ contract. We therefore reverse the trial court’s judgment and remand
without reaching CMA’s remaining issues.

Background

          Hector
Aguirre was an independent contractor truck driver for Empire. Empire sent
Aguirre to transport cargo from Longview, Texas, to the Port of Houston. The
cargo was in a storage container leased by CMA. The container, an
adjustable-length chassis, broke apart while its length was being adjusted, injuring
Aguirre. Aguirre sued Empire, CMA, and others to recover for his injuries. 

CMA filed a cross-claim
against Empire for indemnity under their contract, in which Empire promises to 

DEFEND,
HOLD HARMLESS AND FULLY INDEMNIFY [CMA], AGAINST ANY AND ALL CLAIMS, SUITS,
LOSS, DAMAGE OR LIABILITY, FOR BODILY INJURY, DEATH, AND/OR PROPERTY DAMAGE . .
. ARISING OUT OF OR RELATED TO [EMPIRE’S] USE OR MAINTENANCE OF THE EQUIPMENT
DURING AN INTERCHANGE PERIOD; THE PERFORMANCE OF THIS AGREEMENT; AND/OR
PRESENCE ON THE FACILITY OPERATOR’S PREMISES.

 

CMA-CGM (Am.) Inc. v. Empire Truck Lines Inc. [CMA I], 285 S.W.3d 9,
12 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The contract also requires Empire to provide certain insurance
coverage for CMA and contains a choice-of-law provision for Maryland law.

After Aguirre’s claims were settled, the only remaining
controversy was CMA’s cross-claim for indemnity from Empire. On cross-motions
for summary judgment, the trial court dismissed CMA’s indemnity cross-claim. On
appeal, we determined that the indemnity agreement between CMA and Empire was enforceable
under Maryland law—the law contractually selected by the parties in a
choice-of-law provision—and enforcement of the agreement did not violate Texas
public policy with respect to the “express negligence test” applicable to the
parties’ indemnity obligations under Texas law. In a motion for rehearing,
Empire argued for the first time that the parties’ indemnity agreement is
unenforceable under Section 623.0155 of the Transportation Code. In a
supplemental opinion, we declined to address the newly raised argument but
indicated that the trial court could consider the issue on remand. On remand,
the trial court entered summary judgment against CMA on the basis of Section
623.0155. CMA now appeals from that judgment.

Empire’s Summary Judgment

          A.      Applicable
Law

1.       Standard of Review

We review a trial
court’s decision to grant summary judgment de novo. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009); Valence
Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). The trial court
granted Empire’s motion for traditional summary judgment on the basis of
Section 623.0155. On a
motion for traditional summary judgment, the movant bears the burden of
demonstrating that no genuine issue of material fact exists and it is entitled
to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). A
defendant may meet this burden by conclusively establishing each element of an
affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997). We review the summary judgment evidence in the light most
favorable to the party against whom the summary judgment was rendered,
crediting evidence favorable to that party if reasonable jurors could and
disregarding contrary evidence unless reasonable jurors could not. Fielding, 289 S.W.3d at 848; City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005).

          

                    2.       Conflicts-of-Law Analysis for
Choice-of-Law Provisions

Texas law generally permits
parties to resolve uncertainty as to which jurisdiction’s laws will govern
their performance under a multi-jurisdictional contract by including a
choice-of-law provision in the agreement. CMA
I, 285 S.W.3d at 13–14 (citing Nexen, Inc. v. Gulf Interstate Eng’g Co., 224 S.W.3d 412, 419 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); Chase Manhattan
Bank, N.A. v. Greenbriar N. Section II, 835 S.W.2d 720, 723 (Tex. App.—Houston [1st Dist.] 1992, no
writ)). Where the parties’ contract includes a choice-of-law provision that
selects the law of a jurisdiction bearing a substantial relationship to the
parties or their transaction, the parties’ contractual obligations are governed
by the law chosen by the parties unless 

(1)     there
is a state with a more significant relationship to the transaction, 

 

(2)     applying
the chosen law would contravene a fundamental policy of that state, and 

 

(3)     that
state has a materially
greater interest in the determination of the particular issue. 

 

See DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 677–78 (Tex. 1990) (citing Restatement (Second) Conflict of Laws §§
187(1)–(2), 188); Chesapeake Operating, Inc. v. Nabors Drilling USA, Inc.,
94 S.W.3d 163, 169–70 & n.11 (Tex. App.—Houston [14th Dist.] 2002, no pet.)
(same). We note that, while failure to satisfy the second element of this test
was sufficient to result in the enforcement of the parties’ contractual
choice-of-law provision in CMA I,
satisfaction of the second element of this test is not, alone, sufficient to
result in rejection of the parties’ contractual choice-of-law. CMA I, 285 S.W.3d at 13–14. Instead, we must enforce the parties’ selection of Maryland
law unless all three elements of this test are satisfied. See DeSantis, 793 S.W.2d at 678.

3.       Section
623.0155 of the Transportation Code

            Section 623.0155(a) of the Transportation Code provides that
“[a] person may not require indemnification from a motor carrier as a condition
to: 

(1)     the
transportation of property for compensation or hire by the carrier;

 

(2)     entrance
on property by the carrier for the purpose of loading, unloading, or
transporting property for compensation or hire; or

 

(3)     a
service incidental to an activity described by Subdivision (1) or (2),
including storage of property.

 

Tex. Transp. Code Ann. § 623.0155(a) (West 1999). This prohibition does not apply
to indemnity for claims arising from the wrongful or negligent conduct of the
motor carrier itself. Id. §
623.0155(b). The statute provides that an indemnity provision contrary to subsection
(a) “is not enforceable.” Id. § 623.0155(d). [1]


Section 623.0155 was codified in the Transportation Code in
1997. See Act of May 8, 1997, 75th
Leg., R.S., ch. 165, § 30.139(a), 1997 Tex. Gen. Laws 656; Act of June 1, 1997,
75th Leg., R.S., ch. 1061, § 19, 1997 Tex. Gen. Laws 4039. Section 623.0155’s
predecessor was codified at Section 3C of article 6701d–11 of the Texas Revised
Civil Statutes. Act of May 19, 1995, 74th Leg., ch. 705, R.S., § 28, 1995 Tex. Gen.
Laws 3739 (formerly at Tex. Rev. Civ.
Stat. Ann. art. 6701d–11, § 3C, repealed Sept. 1, 1997). Section 3C was
enacted in 1995.  See id. Section 3C is identical to Section 623.0155(a), except that
it does not include subsection (a)(3), relating to incidental activities. Id. Like Section 623.0155, Section 3C
excluded from its prohibition indemnity obligations for the motor carrier’s own
wrongful or negligent conduct. Id. Section
3C did not, however, include the express statement that an indemnity provision
that violates the statute “is not enforceable,” which was added in the 1997
codification. Id.

C.      Analysis

In order to prevail on its
motion for traditional summary judgment on the basis of a Texas statute, Empire
had to establish both that Texas law applies instead of Maryland law and that
it is entitled to summary judgment under Texas law. See CMA I, 285 S.W.3d at 17 (holding that parties’ agreement is
enforceable under Maryland law). Empire relies on Section 623.0155 in both
respects. Specifically, Empire relies on Section 623.0155 to demonstrate the
second element of the applicable conflicts of law analysis—i.e., that the
application of Maryland law is contrary to Texas public policy—and to
demonstrate that the indemnity provision is unenforceable under Texas law.  See Tex. Transp.
Code Ann. § 623.0155. Empire therefore had to establish that Section 623.0155 applies to
the parties’ indemnity agreement in order to prevail.

CMA asserts, for the first time on appeal, that Section
623.0155 does not apply to the parties’ agreement because the summary judgment
establishes that Empire entered into the agreement on July 1, 1988, and Section
623.0155 applies only to contracts entered into on or after September 1, 1997. See Act of June 1, 1997, 75th Leg.,
R.S., ch. 1061, § 25(b), 1997 Tex. Gen. Laws 4040 (“Section 623.0155,
Transportation Code, as added by this Act, does not apply to a contract or
agreement entered into before the effective date of this Act.”); id. § 25(a) (providing effective date of
Act as Sept. 1, 1997).[2]
Empire responds that CMA has waived this argument and that the evidence in the
record is sufficient to establish that the contract was entered after September
1, 1997. We conclude that Empire failed to establish that it entered into the
contract on or after September 1, 1997 and, therefore, failed to establish that
Section 623.0155 applies.

          1.       Waiver

          Because Empire sought traditional
summary judgment on the ground that Section 623.0155 of the Transportation Code
precluded enforcement of the parties’ indemnity agreement, Empire bore the
burden of proving that the parties’ agreement is governed by Section 623.0155. See Tex. R. Civ. P. 166a(c); KPMG Peat Marwick, 988 S.W.2d at 748. Only if Empire first satisfies that
burden, does the burden shift to CMA to respond to Empire’s motion with grounds
for denying summary judgment. See M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Warwick Towers Council of
Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.,
298 S.W.3d 436, 442–43 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Thus, CMA’s
failure to raise an issue in its timely response to Empire’s motion for summary
judgment does not waive complaints that Empire satisfied its initial burden of
proving the applicability of its statutory defense. See id.           Application
of Section 623.0155 is the basis of Empire’s affirmative defense, and CMA has
not waived its right to challenge whether Empire satisfied its burden of
proving that the date of the agreement falls within the statute’s reach. See, e.g., Warwick Towers Council of
Co-Owners, 298 S.W.3d at 442–43 (holding that nonmovant who failed
to file summary judgment response did not waive appellate challenge to whether
movant satisfied its evidentiary burden); TX Far W., Ltd. v. Tex. Inv.
Mgmt., Inc., 127 S.W.3d 295, 302–03 (Tex. App.—Austin 2004, no pet.) (holding
nonmovant did not waive right to contest the validity of restrictive covenant
on appeal because movant had burden of establishing validity of restrictive
covenant in order to prove it was entitled to traditional summary judgment); Sprayberry v. Siesta MHC Income Partners,
L.P., No. 03–08–00649–CV, 2010 WL 1404598, at *3 (Tex. App.—Austin Apr. 8,
2010, no pet.) (mem. op.) (holding that, where nonmovant failed to file timely
summary judgment response, nonmovant waived evidentiary complaints relating to defects
of form in summary judgment evidence but could challenge on appeal whether
movant satisfied its burden of presenting competent evidence establishing
movant’s right to judgment as a matter of law). 

                   




 

2.       Contract
Date

          Because Section 623.0155 applies only
to indemnity agreements entered into on or after September 1, 1997, Empire had
to prove that its indemnity agreement with CMA was entered into on or after
that date in order to prevail. See Act
of June 1, 1997, 75th Leg., R.S., ch. 1061, § 25(a), (b), 1997 Tex. Gen. Laws
4040. CMA points out that the signature page executed by Empire bears the
effective date of July 1, 1988 and argues that this evidence establishes that
the parties’ agreement was entered into before September 1997. Empire points
out that other portions of what is identified as the parties’ contract contain
numerous other post-September 1997 dates and this evidence establishes that the
parties’ agreement was entered after September 1997. We conclude that the
conflicting evidence raises a question of fact.

The document bearing Empire’s signature states an effective
date of 1988. This document appears to be a stand-alone signature page and
bears the title “Uniform Intermodal Interchange Agreement.” The substantive,
numbered pages of what is identified as the parties’ contract bears the title
“Uniform Intermodal Interchange and Facilities Access Agreement (UIIA),”
identifies the effective date as November 14, 2002, and indicates that the
agreement was reorganized and revised by the Intermodal Interchange Executive
Committee on June 19, 2000. These pages, however, do not contain a signature by
Empire. In light of this evidence, we conclude that Empire did not establish as
a matter of law that the indemnity agreement between the parties was entered
into on or after September 1, 1997. Because Empire bore the burden of
establishing its right to judgment as a matter of law, we conclude that the
trial court erred in granting Empire’s motion for traditional summary judgment.
See Tex. R. Civ. P. 166a(c); KPMG Peat Marwick, 988 S.W.2d at 748.

Conclusion

          We reverse the trial court’s judgment
and remand this action to the trial court for further proceedings.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1]           Although neither party has addressed
it, we note that Maryland has a statute similar to Section 623.0155 of the
Texas Transportation Code.  See Md.
Code Ann., Cts. & Jud. Proc. § 5-401 (West 2009 & Supp. 2010).
Under this statute, “a provision, clause, covenant, or agreement contained in,
collateral to, or affecting a motor carrier transportation contract that
purports to indemnify, defend, or hold harmless, or has the effect of
indemnifying, defending, or holding harmless, the promisee against liability
for loss or damage resulting from the negligence or intentional acts or
omissions of the promisee is against public policy and is void and
unenforceable.” Id. §
5–401(b)(2).  Similar to the Texas statute,
the Maryland statute defines a “motor carrier transportation contract” as a
contract concerning: (A) the transportation of property for compensation or
hire by a motor carrier; (B) the entrance on property by a motor carrier for
the purpose of loading, unloading, or transporting property for compensation or
hire; or (C) a service incidental to an activity described in item A or B of
this subparagraph, including storage of property. Id. § 5–401(b)(1)(iii)(1)(A)–(C). However, the Maryland statute
excludes from its definition of  a “motor
carrier transportation contract” the “Uniform Intermodal Interchange and
Facilities Access Agreement administered by the Intermodal Association of North
America, as amended by the Intermodal Interchange Executive Committee” and
“[o]ther agreements providing for the interchange, use, or possession of
intermodal chassis, containers, or other intermodal equipment.” Id. § 5–41(b)(1)(iii)(2)(A), (B). The
parties’ contract here is such an excluded agreement for exchange and use of
intermodal equipment.





[2]
          As noted above, the predecessor
to Section 623.0155 was enacted in
1995. See
Act of May 19, 1995, 74th Leg., ch.
705, R.S., § 28, 1995 Tex. Gen. Laws 3739. The parties do not argue that their
contract was entered into between 1995 and 1997.