**M.D. ANDERSON HOSPITAL AND TU-MOR INSTITUTE, The University of Texas System Cancer Center, Petitioner,**

v.

**Harold Gene WILLRICH, Respondent.**

No. 99–1037.

Supreme Court of Texas.

Aug. 24, 2000.

Heather Leigh Horton, Richard Charles Geisler, John Cornyn, Atty. Gen., Andy Taylor, Linda Eads. Toni Hunter, Christine Guerra Edwards, Austin., for petitioner.

Gordon Cooper, II, Cooper & Cooper, Houston, for respondent.

PER CURIAM.

The issue we consider here is whether a terminated employee, alleging discrimination, can rely on the employer's summary judgment evidence to contend on appeal that a fact issue exists that the employer's reason for terminating the employee was pretextual. We conclude that the employee can do so, but that here the employee failed to raise a fact issue. Accordingly, we reverse the court of appeals' judgment and render judgment that the employee take nothing.

Harold Willrich was a utilities station operator for the University of Texas M.D. Anderson Cancer Center (UTMDA) from June 1981 until August 1995. Willrich, an African–American, alleges that he was subjected to racial slurs and jokes from co-workers and supervisors. In 1982, Willrich was selected, against his wishes, to replace a retiring maintenance worker for the night-shift. Among employees eligible for the night-shift job, Willrich had the highest job classification and was the only African–American. Willrich considered UTMDA's work environment to be hostile, and over the years he filed several complaints with management about racial incidents.

In June 1995, UTMDA announced a re-organization and reduction-in-force (RIF) for Willrich's Facilities Management Division. UTMDA eliminated existing positions and created a new organization with new positions. UTMDA asked all employees to express their preferences for three positions. Willrich requested only night-shift jobs (which were the least available) and promotions or lateral transfers. UTMDA did not select Willrich for a job in the new organization and terminated him in August 1995, along with thirty-four other employees of various races.

Willrich sued UTMDA under the Texas Commission on Human Rights Act (TCHRA) and alleged that his termination was racially discriminatory. UTMDA moved for summary judgment, asserting that Willrich was not terminated because of his race, but was terminated because: (1) the reorganization eliminated his former position; (2) he was not the most qualified candidate for the jobs he specified on his preference form; and (3) he only requested night-shift positions. Willrich did not file a response to UTMDA's summary judgment motion. He filed a motion to extend time to file a summary judgment response, which the trial court denied. After the trial court granted UTMDA's summary judgment motion, Willrich filed a motion for new trial alleg-ing that his response to UTMDA's motion for summary judgment would have presented disputed, genuine fact issues. In his court of appeals' brief, Willrich argued that the trial court erred by not granting him an extension of time to respond to UTMDA's motion for summary judgment. He also argued that the trial court erred in ruling that UTMDA showed as a matter of law that Willrich was terminated for a legitimate, nondiscriminatory reason. The court of appeals reviewed the attachments to UTMDA's summary judgment motion and concluded that material fact issues existed about UTMDA's reason for terminating Willrich. Accordingly, the court of appeals reversed the trial court's summary judgment and remanded for further proceedings.

■■■ Under Texas summary judgment law, the party moving for summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166 a(c); *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *See Rhône–Poulenc, Inc.*, 997 S.W.2d at 222–23; *Oram v. General Am. Oil Co.*, 513 S.W.2d 533, 534 (Tex.1974). Summary judgments must stand on their own merits. Accordingly, the nonmovant need not respond to the motion to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *See Rhône–Poulenc, Inc.*, 997 S.W.2d at 223; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When reviewing a motion for summary judgment, the court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *See Nixon v. Mr. Property*

*Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

In enacting the TCHRA, the Legislature intended to correlate state law with federal law in employment discrimination cases. TEX. LAB.CODE § 21.001; *see NME Hosps., Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex. 1999). Adhering to legislative intent, Texas courts have looked to federal law in interpreting the TCHRA's provisions. *See NME Hosps., Inc.,* 994 S.W.2d at 144; *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex.1996); *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Stinnett v. Williamson County Sheriff's Dep't,* 858 S.W.2d 573, 576 (Tex.App.—Austin 1993, writ denied).

■ In discrimination cases, the United States Supreme Court has established a burden-shifting analysis. *See Reeves v. Sanderson Plumbing Prods., Inc.,* —— U.S. ——, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because this is a summary judgment motion, the burden remained on UTMDA under Rule 166a(c) to prove as a matter of law a legitimate, nondiscriminatory reason for Willrich's termination. *See Rhône–Poulenc, Inc.,* 997 S.W.2d at 223.

■ In its motion for summary judgment, UTMDA stated that it instituted the RIF to increase efficiency and to save money. UTMDA's summary judgment evidence showed that a six-member panel devised a reorganization plan eliminating all current positions and creating a new organization. The new organization was staffed according to the existing employees' performance, experience, education, evaluation, and preference forms. The employees received a memo outlining the RIF procedure and explaining that it was possible that an employee would be selected for a position other than his preferences or that the employee may not be selected for any position. UTMDA terminated Willrich as a part of the RIF because his former position was eliminated and he was not the most qualified candidate for the positions that he listed on his preference form. UTMDA's evidence established as a matter of law that there was a legitimate nondiscriminatory reason for Willrich's termination.

Once UTMDA established a legitimate nondiscriminatory reason for Willrich's termination, Willrich had the burden to show that a fact issue existed that UTMDA's reasons for including him in the RIF were a pretext for discrimination. *See Reeves,* —— U.S. at ——, 120 S.Ct. at 2106; *Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir.1996). Under Texas summary judgment law, Willrich could respond to UTMDA's summary judgment motion by presenting evidence raising a fact issue on pretext or by challenging UTMDA's summary judgment evidence as failing to prove, as a matter of law, that the RIF was a legitimate, nondiscriminatory reason for his termination. *See Rhône–Poulenc, Inc.,* 997 S.W.2d at 223. Here, Willrich argues that UTMDA's evidence failed to prove that the RIF was a legitimate, nondiscriminatory reason for his termination. Willrich points to his deposition, which is a part of UTMDA's summary judgment evidence, and asserts that his testimony demonstrates that he was fired because of his race and not because of a legitimate RIF. Willrich testified about four instances of racial slurs during his fourteen years of employment at UTMDA. The first two instances were from co-workers who used a racially derogatory term in a joke. Willrich testified in his deposition that he never complained about these two jokes told by his co-workers. These two instances occurred in 1981 and 1983. Willrich also testified that in 1988 his supervisor told a joke using the same derogatory term and also referred to some construc-

tion work using a similar term. Willrich reported the last instance in 1990, five years before the RIF, and his supervisor wrote an apology to Willrich.

 Stray remarks, remote in time from Willrich's termination, and not made by anyone directly connected with the RIF decisions, are not enough to raise a fact question about whether UTMDA's reason for terminating Willrich was pretextual. *See Nichols*, 81 F.3d at 41–42; *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir.1993) ("[A] mere 'stray remark' is insufficient to establish [race] discrimination"); *see also Gold v. Exxon Corp.*, 960 S.W.2d 378, 384–85 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

The court of appeals held that a fact issue existed about whether UTMDA used its job preference forms legitimately, and thus raised a fact issue about whether race was the reason UTMDA terminated Willrich. The court concluded that there was some evidence that Willrich was penalized for choosing night-shift positions on his form, whereas UTMDA considered employees who did not submit a preference form for any position. We disagree with the court of appeals that UTMDA's use of the preference forms raises a fact question on pretext. UTMDA's use of its preference forms was not inconsistent with how it told employees it would use them and was not based on race. UTMDA informed employees that their preferences would be considered, but that an employee could be reassigned to a position other than an employee's preference, or could be terminated. UTMDA reviewed Willrich's preference form and notified Willrich that it was eliminating his current night-shift position under the RIF and that he was not qualified for the other positions he listed. Additionally, Willrich does not raise a fact issue that the RIF was a pretext for racial discrimination. UTMDA's summary judgment evidence included Willrich's admission that he did not know who decided to terminate him or how the decision was made.

Subjective beliefs are insufficient to overcome UTMDA's summary judgment evidence. *See Nichols*, 81 F.3d at 42; *Gold*, 960 S.W.2d at 384. Specifically, Willrich's subjective belief that he was terminated based on race because of four racial jokes told in the workplace during his fourteen years of employment is insufficient to create a fact issue about whether UTMDA's legitimate nondiscriminatory reason for terminating Willrich was pretextual. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment for UTMDA. *See* Tex.R.App. P. 59.1.