NUMBER 13-04-616-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

ARTURO P. FLORES,                                                Appellant,

 

                                           v.

 

TOWN OF COMBES, TEXAS,                                       Appellee.

___________________________________________________________________

 

                  On
appeal from the 197th District Court

                          of Cameron County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

                   Before
Justices Hinojosa, Yañez, and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez

 








This appeal
arises from a summary judgment granted in favor of appellee, Town of Combes,
Texas (Combes), and against appellant, Arturo P. Flores, in a suit brought
pursuant to the Whistleblower Act (the Act). 
See Tex. Gov't Code Ann.
' 554.003 (Vernon 2004).  By three issues, appellant asserts the trial
court erred by (1) granting summary judgment in favor of appellee because
appellee failed to conclusively establish its affirmative defense and appellant's
summary judgment evidence raised an issue of material fact and (2) denying his
motion to strike the affidavit of Marco Sanchez.  We reverse and remand.

I.  Background

Appellant, former
Combes police chief, filed the underlying action, alleging that he was
terminated in retaliation for reporting to local, state, and federal law
enforcement authorities alleged violations of the law committed by the mayor
and secretary of Combes.  Appellee filed
a motion for summary judgment, asserting an affirmative defense to appellant's
cause of action.  Appellant filed (1) a
response to appellee's motion for summary judgment and (2) a motion to strike
the affidavit of Marco Sanchez, a member of the Combes Board of Aldermen (the
Board), the same Board that terminated appellant.  The trial court granted summary judgment in
favor of appellee.

II.  Motion for Summary Judgment

A.  Standard of Review








We review the
granting of a traditional motion for summary judgment de novo.  Branton v. Wood, 100 S.W.3d 645, 646
(Tex. App.BCorpus Christi 2003, no pet.) (citing Natividad
v. Alexsis, Inc., 874 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank
Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000, pet. denied)).  To prevail, the movant has the burden of
showing that there is no genuine issue of material fact and that he is entitled
to judgment as a matter of law.  Id.
(citing Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991)).  Only when the movant meets this burden does
the burden shift to the nonmovant to raise a genuine issue of material fact.  See M.D. Anderson Hosp. v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000) (per curiam); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
In determining whether there is a genuine issue of material fact,
evidence favorable to the nonmovant is taken as true, and all reasonable
inferences and doubts are resolved in favor of the nonmovant.  Branton, 100 S.W.3d at 646.  A traditional summary judgment is proper if
the movant conclusively disproves at least one element of each of the plaintiff's
causes of action or conclusively establishes each element of an affirmative
defense to each of the plaintiff's claims. 
Id.; Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (per
curiam).

B.  Analysis

By his first
issue, appellant contends the trial court erred in granting summary judgment in
favor of appellee because appellee did not conclusively establish an
affirmative defense based on lack of confidence.  We agree.

Section
554.002(a) of the Act provides the following:

A state or local government entity may not suspend
or terminate the employment of, or take other adverse personnel action against,
a public employee who in good faith reports a violation of law by the employing
governmental entity or another public employee to an appropriate law enforcement
authority.








Tex.
Gov't Code Ann. ' 554.002(a) (Vernon 2004).  In addition, the Act provides a state or
local governmental entity with an affirmative defense to suit under chapter 554
if it "would have taken the action against the employee that forms the
basis of the suit based solely on information, observation, or evidence that is
not related to the fact that the employee made a report protected under this
chapter of a violation of law."  Id.
' 554.004(b).

In its motion for
summary judgment, appellee asserted, as its affirmative defense, that appellant
was terminated based on lack of confidence. 
See Tex. Loc. Gov't Code
Ann. ' 22.077 (Vernon 1999 & Supp. 2005).  Appellee claimed that its reason for
terminating appellant was unrelated to appellant's reporting of law
violations.  To support its affirmative
defense, appellee attached the following summary judgment evidence to its
motion:  (1) the affidavit of Marco
Sanchez; and (2) appellant's deposition testimony with exhibits, including
appellant's answers to appellee's interrogatories, a newspaper article and
editorial, and a letter and commentary allegedly written by appellant.  However, appellee's summary judgment evidence
failed to conclusively establish that the Board would have taken the action
against appellant "based solely on information, observation, or evidence
that is not related to the fact that [appellant] made a report protected under
this chapter of a violation of law." 
Tex. Gov't Code Ann. ' 554.004(b) (Vernon 2004); Branton, 100
S.W.3d at 646; Cathey, 900 S.W.2d at 341.  








Sanchez's
affidavit stated only that appellant was terminated for lack of confidence.[2]  However, the affidavit did not establish that
the Board would have terminated appellant for lack of confidence "based
solely on information, observation, or evidence . . . not related" to
appellant's reports of alleged violations of the law by the mayor and secretary
of Combes.  Tex. Gov't Code Ann. ' 554.004(b) (Vernon 2004).  Furthermore, although the remaining
summary judgment evidence demonstrated that appellant distrusted the Board and
referred to it as a "corrupted governing body," sentiments that
appellee suggested supported the Board's decision to terminate appellant for lack
of confidence, that evidence also failed to establish that the Board would have
taken the action "based solely on information, observation, or evidence .
. . not related" to appellant's reports. 
See id.  Therefore,
appellee's summary judgment evidence failed to conclusively establish all of
the elements of its affirmative defense to the suit.  See id.; Branton, 100 S.W.3d at
646; Cathey, 900 S.W.2d at 341. 
Thus, appellee failed to show that it was entitled to judgment as a
matter of law.  See Branton, 100
S.W.3d at 646 (citing Tex. R. Civ. P.
166a(c); Lear Siegler, Inc., 819 S.W.2d at 471).  As a result, the trial court erred in
granting summary judgment in favor of appellee and against appellant.  We sustain appellant's first issue. 








Through his
second issue, appellant contends the trial court erred by denying his motion to
strike the affidavit of Marco Sanchez. 
By his third issue, appellant asserts the trial court erred in granting
summary judgment in favor of appellee because appellant's summary judgment
evidence raised an issue of material fact. 
We, however, decline to address appellant's second and third issues as
they are not dispositive of this appeal in light of our disposition of
appellant's first issue.  See Tex. R. App. P. 47.1. 

III.  Conclusion

Accordingly, we
reverse the judgment of the trial court and remand the cause for further
proceedings consistent with this opinion.                                                                                     

NELDA
V. RODRIGUEZ

Justice

 

Memorandum Opinion
delivered and 

filed this 13th day of
April, 2006.

 











[1]All issues of law presented by this
case are well-settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]Sanchez's affidavit read in
pertinent part:

 

I was a member of the Board on March 10, 2003 when the Board
unanimously resolved to terminate Arturo Flores as the Town's Chief of
Police.  All five Board members were
present at the meeting . . . and voted to terminate Mr. Flores.  Mr. Flores was terminated for lack of
confidence.  Mayor Garcia was also
present at the meeting, but he does not ever participate in any votes. . . .