MEMORANDUM OPINION



No. 04-06-00121-CV



IN THE ESTATE OF Juan GARCIA, Deceased



From the County Court, La Salle County, Texas


Trial Court No. 1401 C


Honorable John A. Hutchison, III, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice


Delivered and Filed: May 16, 2007


REVERSED AND REMANDED


 This is an appeal of a summary judgment declaring Angel Maldonado, Jr., Claudia
Maldonado, and Aldo Maldonado (the "Maldonados") to be the sole heirs of Juan Garcia. The
Maldonados were the children of Criselda Corina Garcia Maldonado, and the trial court found that
Criselda was Garcia's daughter. The appellants Petra Treviño, Angelita Garcia Segovia, and
Innocencia Garcia Valdez, who are Garcia's sisters, challenge various evidentiary rulings made by
the trial court and contend that the trial court erred in granting summary judgment. Because we
conclude that a genuine issue of material fact precluded summary judgment, we reverse the trial
court's judgment and remand the cause for further proceedings. (1)

 In order to establish their right of inheritance, the Maldonados were required to prove by clear
and convincing evidence that Garcia was Criselda's biological father. See Tex. Prob. Code Ann.
§ 42(b) (Vernon 2003). Evidence is clear and convincing if a factfinder could reasonably form a firm
belief or conviction about the truth of the allegations. In re C.H., 89 S.W.3d 17, 25 (Tex. 2002);
Cooper Tire & Rubber Co. v. Mendez, 155 S.W.3d 382, 415-16 (Tex. App.--El Paso 2004), rev'd
on other grounds, 204 S.W.3d 797 (Tex. 2006).

 Under traditional summary judgment standards, a party moving for summary judgment has
the burden of establishing as a matter of law that no genuine issue of material fact exists as to one
or more essential elements of the plaintiff's cause of action. M.D. Anderson Hosp. & Tumor Inst.
v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a summary judgment, an appellate court
accepts as true all evidence supporting the non-movant, indulges every reasonable inference in favor
of the non-movant, and resolves all doubts in the non-movant's favor. Id. The trial court's duty is
to determine if any genuine issues of material fact remain, not to weigh the evidence or determine
its credibility. Cummins v. Travis County Water Control & Improvement Dist. No. 17, 175 S.W.3d
34, 53 (Tex. App.--Austin 2005, pet. denied). "[A] summary judgment that involves the credibility
of affiants will not be granted since it cannot be said that no genuine issue of fact exists." Gilmartin
v. KVTV-Channel 13, 985 S.W.2d 553, 555 (Tex. App.--San Antonio 1998, no pet.).

 Notwithstanding the significant evidence that was presented in support of a finding of
paternity, including Garcia's obituary and the funeral handout listing three grandchildren as
survivors, the evidence also included the portion of Treviño's affidavit in which she stated that
Garcia denied that Criselda was his daughter. In a summary judgment context, this denial is
sufficient to raise a fact issue precluding summary judgment. See In re J.J.R., 669 S.W.2d 840, 843
(Tex. App.--Amarillo 1984, writ dism'd) (father's denial of sexual access raised credibility issue
that fact finder was required to resolve); see also Garza v. Maverick Market, Inc., 768 S.W.2d 273,
276 (Tex. 1989) ("As to what evidence is clear and convincing, a fact finder must decide that
question in each case."); Gilmartin, 985 S.W.2d at 555 (summary judgment involving credibility of
affiants will not be granted).

 Accordingly, we reverse the trial court's judgment and remand the cause for further
proceedings.

 Rebecca Simmons, Justice



1. We do not address any of the issues relating to the trial court's evidentiary rulings because their resolution
is not necessary to our disposition of this appeal. See Tex. R. App. P. 47.1. Although the original clerk's record did
not contain the motion for summary judgment filed by the Maldonados, this court ordered a supplemental record
containing the motion. See Tex. R. App. P. 34.5(c)(1).