**Opinion filed June 2, 2011**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-10-00234-CV**

_____

**FAITH OIL & GAS, Appellant**

**V.**

**JEREMY KING, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV1002040A**

**M E M O R A N D U M   O P I N I O N**

Faith Oil & Gas initially sought a temporary restraining order and temporary injunction in connection with a lawsuit against Jeremy King. Faith Oil alleged that King was interfering with its access to property upon which it claimed it had a valid oil, gas, and mineral lease. After a hearing, the trial court denied the request for temporary injunction. A few days later, King filed a motion for partial summary judgment. Upon severing certain claims made by Faith Oil, the trial court granted King's motion and entered its judgment that the lease was "null and void, and . . . of no force and effect." We affirm.

Faith Oil brings a single issue on appeal: "Whether the trial court erred in granting summary judgment where there is a material fact issue."

The standard for reviewing a traditional motion for summary judgment is well established. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review de novo a summary judgment to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). A party moving for traditional summary judgment has the burden to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). The trial court did not state its reasons for granting the summary judgment. When a trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm the summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000).

The summary judgment evidence shows that Faith Oil and King entered into an oil and gas lease that was dated February 19, 2007, but acknowledged on April 5, 2007. The lease provided for a primary term of one year "and as long thereafter as oil, gas or other mineral is produced from said land hereunder." Although a well was drilled on the property, it is undisputed that no oil, gas, or other minerals were ever produced under the lease. Instead, Faith Oil began to use the well as a saltwater injection well. In his deposition, which is a part of the summary judgment proof, Alejandro B. Perales, appearing on behalf of Faith Oil, testified that the well was drilled for injection purposes. In a later affidavit, Perales swore that what he meant was that "the intent was to drill a gas well, and if unsuccessful, to use it as an injection well." Perales was of the opinion that Faith Oil had that right because Exhibit B to the lease provided that, "[i]f well being drilled on King land does not prove to be a producing gas well[,] then and only then will this well be used as a salt water injection well."

In his motion for partial summary judgment, King alleged that the lease had expired by its own terms because there had been no production under it. Faith Oil agrees that the lease expired unless the provisions of Exhibit B serve to continue the lease in effect.

In Texas, the usual oil and gas lease contains a habendum clause. *Grinnell v. Munson*, 137 S.W.3d 706, 714 (Tex. App.—San Antonio 2004, no pet.). The habendum clause defines

the duration of the lease, and it usually provides for a relatively short fixed term of years (the primary term) followed by a secondary term for "as long thereafter as oil, gas or other mineral is produced." *Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002); *Grinnell*, 137 S.W.3d at 714. Leases like the one in this case create a determinable fee that terminates when events upon which the term is limited occur. *Gulf Oil Corp. v. Reid*, 337 S.W.2d 267, 269 (Tex. 1960).

Whether an oil and gas lease has terminated is a contractual matter. *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 424 (Tex. 2008). When the contract is worded so that it can be given a certain or definite legal meaning, it is not ambiguous and the court will construe the contract as a matter of law. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000). There has been no claim in this case that the terms of the lease were ambiguous. When we construe an unambiguous oil and gas lease, we seek to enforce the intent of the parties as that intent is expressed within the four corners of the lease. *Anadarko Petroleum Corp.*, 94 S.W.3d at 554.

The habendum clause clearly provides for a primary term of one year and a secondary term of "as long thereafter as oil, gas or other mineral is produced from said land hereunder." If there was no production at the end of the primary term, with certain possible exceptions not applicable here, then the lease terminated. There was no production on the lease at the end of the primary term or ever. Exhibit B contains no terminology that speaks to the extension of the primary term. In the exhibit, the parties merely addressed the use of the well for injection purposes during the term of the lease, not the extension of the term of the lease. We hold that, under the plain terms of the lease, it expired at the end of one year as a matter of law. We overrule Faith Oil's sole issue on appeal.

The judgment of the trial court is affirmed.

June 2, 2011                        JIM R. WRIGHT

Panel[1] consists of: Wright, C.J.,        CHIEF JUSTICE
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

3