Opinion filed June 2, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00234-CV

                                                    __________

 

                                     FAITH
OIL & GAS, Appellant

 

                                                             V.

 

                                         JEREMY
KING, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                            Brown
County, Texas

 

                                               Trial
Court Cause No. CV1002040A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Faith
Oil & Gas initially sought a temporary restraining order and temporary
injunction in connection with a lawsuit against Jeremy King.  Faith Oil alleged
that King was interfering with its access to property upon which it claimed it
had a valid oil, gas, and mineral lease.  After a hearing, the trial court
denied the request for temporary injunction.  A few days later, King filed a
motion for partial summary judgment.  Upon severing certain claims made by
Faith Oil, the trial court granted King’s motion and entered its judgment that
the lease was “null and void, and . . . of no force and effect.”  We affirm.

Faith
Oil brings a single issue on appeal:  “Whether the trial court erred in
granting summary judgment where there is a material fact issue.”

The
standard for reviewing a traditional motion for summary judgment is well
established.  Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 800
(Tex. 1994); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
We review de novo a summary judgment to determine whether a party’s right to
prevail is established as a matter of law.  Dickey v. Club Corp. of Am.,
12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).  A party moving for
traditional summary judgment has the burden to establish that there are no
genuine issues of material fact and that it is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c);
M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23
(Tex. 2000).  The trial court did not state its reasons for granting the
summary judgment.  When a trial court’s order granting summary judgment does
not specify the grounds relied upon, we must affirm the summary judgment if any
of the summary judgment grounds are meritorious.  FM Props. Operating Co. v.
City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).

The
summary judgment evidence shows that Faith Oil and King entered into an oil and
gas lease that was dated February 19, 2007, but acknowledged on April 5, 2007. 
The lease provided for a primary term of one year “and as long thereafter as
oil, gas or other mineral is produced from said land hereunder.”  Although a
well was drilled on the property, it is undisputed that no oil, gas, or other
minerals were ever produced under the lease.  Instead, Faith Oil began to use
the well as a saltwater injection well.  In his deposition, which is a part of
the summary judgment proof, Alejandro B. Perales, appearing on behalf of Faith
Oil, testified that the well was drilled for injection purposes.  In a later
affidavit, Perales swore that what he meant was that “the intent was to drill a
gas well, and if unsuccessful, to use it as an injection well.”  Perales was of
the opinion that Faith Oil had that right because Exhibit B to the lease
provided that, “[i]f well being drilled on King land does not prove to be a
producing gas well[,] then and only then will this well be used as a salt water
injection well.”

In
his motion for partial summary judgment, King alleged that the lease had expired
by its own terms because there had been no production under it.  Faith Oil
agrees that the lease expired unless the provisions of Exhibit B serve to
continue the lease in effect.

In
Texas, the usual oil and gas lease contains a habendum clause.  Grinnell v.
Munson, 137 S.W.3d 706, 714 (Tex. App.—San Antonio 2004, no pet.).  The
habendum clause defines the duration of the lease, and it usually provides for
a relatively short fixed term of years (the primary term) followed by a
secondary term for “as long thereafter as oil, gas or other mineral is
produced.”  Anadarko Petroleum Corp. v. Thompson, 94 S.W.3d 550, 554
(Tex. 2002); Grinnell, 137 S.W.3d at 714.  Leases like the one in this
case create a determinable fee that terminates when events upon which the term
is limited occur.  Gulf Oil Corp. v. Reid, 337 S.W.2d 267, 269 (Tex.
1960).

Whether
an oil and gas lease has terminated is a contractual matter.  Wagner &
Brown, Ltd. v. Sheppard, 282 S.W.3d 419, 424 (Tex. 2008).  When the
contract is worded so that it can be given a certain or definite legal meaning,
it is not ambiguous and the court will construe the contract as a matter of
law.  Gulf Ins. Co. v. Burns Motors, Inc., 22 S.W.3d 417, 423 (Tex.
2000). There has been no claim in this case that the terms of the lease were
ambiguous.  When we construe an unambiguous oil and gas lease, we seek to
enforce the intent of the parties as that intent is expressed within the four
corners of the lease.  Anadarko Petroleum Corp., 94 S.W.3d at 554.

The
habendum clause clearly provides for a primary term of one year and a secondary
term of “as long thereafter as oil, gas or other mineral is produced from said
land hereunder.”  If there was no production at the end of the primary term,
with certain possible exceptions not applicable here, then the lease
terminated.  There was no production on the lease at the end of the primary
term or ever.  Exhibit B contains no terminology that speaks to the extension
of the primary term.  In the exhibit, the parties merely addressed the use of
the well for injection purposes during the term of the lease, not the extension
of the term of the lease.  We hold that, under the plain terms of the lease, it
expired at the end of one year as a matter of law.  We overrule Faith Oil’s
sole issue on appeal.

The
judgment of the trial court is affirmed.

 

 

June 2, 2011                                                                JIM
R. WRIGHT

Panel[1]
consists of:  Wright, C.J.,                                 CHIEF JUSTICE

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.

 





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.