**Affirmed and Memorandum Opinion filed March 7, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00362-CV

### 1435 CRESCENT OAK TRUST, Appellant

### V.

### U.S. BANK N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC4 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC4, THROUGH ITS MORTGAGE SERVICER, SELECT PORTFOLIO SERVICING, INC., Appellee

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 16-DCV-237591**

## MEMORANDUM OPINION

Appellant 1435 Crescent Oak Trust appeals the trial court's summary judgment in favor of appellee US Bank.[1] Appellant raises one issue on appeal, that the trial court erred in granting summary judgment in favor of appellee. We affirm.

---

[1] Appellee's full title is U.S. Bank, N.A., as Trustee on behalf of holders of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-

Appellant argues that the trial court erred in concluding that appellee abandoned its acceleration of the indebtedness because "the one piece of correspondence . . . does not prove abandonment as a matter of law" or "unequivocally manifest an intent to abandon the prior accelerations." Appellant argues that because of this, a genuine issue of material fact exists as to appellee's intent to abandon the prior acceleration.

## A.    General Legal Principles

We review the trial court's grant of a motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (per curiam). "A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

When a noteholder has accelerated a note, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity. *Id.*; *see also Pitts v. Bank of N.Y. Mellon Tr. Co.*, 583 S.W.3d 258, 262 (Tex. App.—Dallas 2018, no pet.). A lender may show abandonment by conduct. *Pitts*, 583 S.W.3d at 262; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "A noteholder that has accelerated the maturity date of a loan may unilaterally abandon that acceleration and return the note to its original terms." *Pitts*, 583 S.W.3d at 262. This may be done through notice to the borrower expressly stating the holder is abandoning

WMC4, through its Mortgage Servicer, Select Portfolio Servicing, Inc., but will be referred to herein as either "appellee" or "US Bank."

2

acceleration or through other conduct inconsistent with acceleration. *Id*. at 262–63 ("[T]he supreme court has not addressed whether a holder establishes abandonment of acceleration as a matter of law when the borrower does not make any payments, the holder does not expressly abandon the earlier acceleration, and the only evidence of abandonment is the holder's notice to a borrower that the amount currently due is less than the full accelerated balance."). Abandonment has the effect of restoring the original maturity date of the note. *Khan*, 371 S.W.3d at 353.

"Whether a lender has abandoned an acceleration is generally a question of fact." *Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 633 (Tex. App.—Houston [14th Dist.] 2019, no pet.). "But when the facts are admitted or clearly established, abandonment may sometimes be determined as a matter of law." *Id*.; *accord Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, *5 (Tex. App.—Dallas Feb. 23, 2018, pet. denied) (mem. op.).

## B.    Background

Appellant is the owner of the real property located at 1435 Crescent Oak Drive, Missouri City, Texas (Property). The dispute in this case is whether appellee holds a valid lien on the Property. Appellee filed suit for a declaratory judgment that its lien on the Property is valid. Appellant counterclaimed, seeking a declaration that the statute of limitations had expired on appellee's lien and seeking a declaration that such lien is void. Appellant's claims are premised on the argument that in September 2012, appellee accelerated the indebtedness and maturity of the note at issue and had not proceeded to foreclosure on or before the four-year statute of limitations had expired. Because the statute of limitations had run in September 2016 and appellee had not proceeded to foreclosure, appellant contends that the lien on the Property is invalid. Appellee argued that it has a valid lien on the Property because it abandoned its prior acceleration and the original maturity date of the note

3

was reimplemented, precluding the statute of limitations from expiring in 2016.

Appellee filed a motion for summary judgment arguing that as a matter of law, appellee abandoned its prior acceleration through a letter dated May 16, 2014 (May Letter). The May Letter indicates that it "provides notice" that there has been a default in payments under the note and security instrument, and the letter is a formal demand for payment. "To cure this default, you must pay the Amount Required to Cure together with payment which may subsequently become due, on or before the Cure Date." The May Letter further provides that "the total amount due and required to cure the default on your loan is $111,272.37 (Amount Required to Cure)." Finally, the May Letter states that if the borrower failed to cure the default, the noteholder "will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full."

The trial court granted summary judgment in favor of appellee, concluding that appellee had conclusively shown abandonment of its prior acceleration of the indebtedness and, therefore, held a valid lien on the Property. This appeal followed.

## C.    Analysis

Appellant argues the evidence "demonstrates a genuine issue of material fact on [appellee's] intent to abandon the prior acceleration." First, appellant contends that the May Letter is not an "unequivocal abandonment" of acceleration and a "reasonable person . . . would just as easily conclude it was a reminder of their right to reinstate before a foreclosure sale as it was some kind of abandonment of the prior acceleration." This is so, appellant argues, because section nineteen of the deed of trust "allows the borrower to reinstate the Loan five days before a foreclosure sale by paying less than the fully accelerated amount." We disagree with appellant's contentions.

4

In a section entitled "Your Rights," the May Letter indicates that the borrower has the right to reinstate the loan "even after foreclosure has been initiated and prior to sale." It goes on to state that if foreclosure has been initiated, then any reinstatement amounts must be paid in certified funds. The letter does not indicate whether or not foreclosure has been initiated, simply that even if foreclosure has been initiated that it could be stopped by paying the reinstatement amount as provided under the terms of the contract between the borrower and appellee.

We further conclude that the cases cited by appellant are distinguishable. *See Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021); *Lyons v. Select Portfolio Servicing, Inc.*, 748 F. App'x 610, 611–12 (5th Cir. 2019). In *Lyons*, after accelerating, the lender sent a reinstatement notice informing the borrower that payment of an amount less than the fully accelerated amount *could* return the loan to its pre-acceleration status. *Lyons*, 748 F. App'x at 611. In *Colbert* the lender sent a notice of acceleration, then sent a regular monthly statement requesting payment for less than the full amount of the accelerated loan only four days later. *Colbert*, 850 F. App'x at 875. The courts in both *Lyons* and *Colbert* concluded that the later notices sent by the lenders did not establish a clear intent to abandon acceleration. *Colbert*, 850 F. App'x at 875; *Lyons*, 748 F. App'x at 612. In both cases it was the borrower arguing, post-foreclosure, that the lender had abandoned acceleration and wrongfully foreclosed. *Colbert*, 850 F. App'x at 875–76; *Lyons*, 748 F. App'x at 611–12.

Here, the May Letter is entitled "Demand letter – Notice of Default," detailed the amount needed to cure the default (which is undisputedly less than the full acceleration amount), and indicated if the amount needed to cure was not received then the "Noteholder *will* accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full." The letter demonstrates appellee's willingness to accept less than the fully

5

accelerated balance and failure to make such payment would result in acceleration at a time in the future. This shows a clear departure from the prior acceleration and abandonment of the prior acceleration in favor of either a cure payment or acceleration at some future date. *See Laguette v. U.S. Bank, N.A.*, No. 03-19-00042-CV, 2020 WL 1908314, *3 (Tex. App.—Austin Apr. 17, 2020, no pet.) (mem. op.) (letter to debtor demanding payment of missed payments and other fees and stating that the "mortgage payments will be accelerated" if unpaid conclusively established lender's intent to abandon prior acceleration); *Farmehr v. Deutsche Bank Nat'l Trust Co.*, No. 05-17-00563-CV, 2018 WL 2749634, *3 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op.) (lender conclusively established abandonment of acceleration by letter entitled "DEMAND LETTER—NOTICE OF DEFAULT" stating that (1) the borrowers were in default; (2) the default could be cured by paying the past-due amounts, late charges, and advance within thirty days; and (3) the lender would accelerate the note if the borrowers did not pay the cure amount); *Brannick v. Aurora Loan Servs., LLC*, No. 03-17-00308-CV, 2018 WL 5729104, *3 (Tex. App.—Austin Nov. 2, 2018, pet. denied) (mem. op.) (demand for payment of amount less than the entire accelerated amount and stating that failure to pay would result in acceleration conclusively established abandonment of acceleration); *Emmert v. Wilmington Savs. Fund Society, FSB*, No. 02-17-00119-CV, 2018 WL 1005002, *3 (Tex. App.—Fort Worth Feb. 22. 2018, no pet.) (mem. op.) (same); *NSL Prop. Holdings, LLC v. Nationstar Mortg., LLC*, No. 02-16-00397-CV, 2017 WL 3526352, *3 (Tex. App.—Fort Worth Aug. 17, 2017, pet. denied) (mem. op.) (same).

Appellant argues that this case is distinguishable because after the May Letter, appellee sent another letter to the borrower that evidences a lack of intent to abandon acceleration. The August 2014 letter was sent pursuant to the Federal Debt Collection Practices Act (FDCPA Letter). Appellant argues that the FDCPA Letter

6

"demands" payment of the fully accelerated amount and, as a result, indicates that appellee did not abandon the acceleration. We disagree.

The FDCPA Letter in entitled "NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq." and indicates that "[a]s of August 22, 2014, our client has advised that the amount of the debt is $438,695.76." The FDCPA Letter states that the "amount on this notice should not be used as a payoff figure. If you would like to receive a payoff and/or reinstatement figure please submit a written request . . . ."

The FDCPA Letter does not demand payment and instead merely indicates the amount of the debt owed.[2] Appellant does not cite to any case law that supports its argument that an "amount owed" in an FDCPA required communication is evidence of acceleration of an indebtedness. Instead, appellant argues that a "reasonable juror . . . could determine that a reasonable person in the borrower's shoes would not think the effect of their prior failure to cure was to be disregarded." However, when determining whether waiver occurred, we examine the intention of the lender to relinquish a known right, not whether the debtor understood that intention. *See Pitts*, 583 S.W.3d at 262 (listing elements of waiver, including "the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right"); *see also Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (listing elements of waiver).

Appellant next argues that the anti-waiver provision contained in the deed of trust indicates a lack of intent to abandon the acceleration:

Any forbearance by Lender in exercising any right or remedy including,

---

[2] "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a (5).

without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

Appellant argues our sister court applied a substantially similar waiver clause and concluded that the lender did not conclusively establish abandonment. *See Hardy v. Wells Fargo Bank, N.A.*, No. 01-12-00945-CV, 2014 WL 7473762, *5 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.).

In *Hardy*, the parties entered into two agreements after the borrowers had defaulted. In the agreements, the borrowers acknowledged the default in payment on the original indebtedness and agreed to pay the indebtedness in installment payments over a period. *Id.* at *2. The agreements also provided that the lender's acceptance of any payments "will not be deemed to affect the acceleration of the Note and/or Mortgage in the event of default under the terms of this agreement." *Id.* It was undisputed that the borrowers made some payments but defaulted again. *Id.* The lender argued that it abandoned acceleration through the agreements and by accepting partial payments pursuant to such agreements, despite the "anti-waiver" language within the agreements. *See id.* The court concluded that because of the anti-waiver provision within the agreements, the lender did not establish its right to summary judgment as a matter of law and there was a fact issue as to whether the lender abandoned acceleration. *Id.* at *5.

Our sister court recently noted *Hardy* "does not stand for the proposition that anti-waiver provisions preclude abandonment of prior accelerations." *PHH Mortgage Corp. v. Aston*, No. 01-21-00057-CV, 2022 WL 3363196, *7 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, pet. denied) (mem. op.). Here, unlike the agreements in *Hardy*, the May Letter has no language within it regarding "anti-waiver" of the prior acceleration of the indebtedness and is, therefore,

distinguishable. We also recently considered and rejected the argument that a provision within the deed of trust prevents the lender from abandoning acceleration. *See Citibank, N.A. v. Pechua, Inc.*, 624 S.W.3d 633 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) ("Contrary to Pechua's assertion, this clause does not prohibit the Bank from abandoning a prior acceleration. The abandonment of a specific event of acceleration and the waiver of the right to accelerate and foreclose are distinct concepts.").

We overrule appellant's sole issue.[3]

## CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


/s/     Ken Wise
              Justice


Panel consists of Justices Wise, Poissant, and Wilson.

---

[3] Appellant also makes arguments that appellee wrongly asserts that the trial court dismissed appellant's statute of limitations claim regarding the lien and that appellee made a "prima facie" case that limitations had expired. Appellant does not argue that trial court erred in denying its summary judgment motion. We need not address these sub-points because even assuming them to be true, they do not change the disposition on appeal. *See* Tex. R. App. P. 47.1.

9