# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00267-CV

---

**Fern Bluff Municipal Utility District, Appellant**

**v.**

**Nick Steward and Whendy Martinez, Appellees**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 23-0056-C368,
### THE HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This case involves a municipal utility district's allegations of restrictive covenant violations by two residents of the district. Fern Bluff Municipal Utility District (Fern Bluff) appeals the trial court's order granting Nick Steward and Whendy Martinez's (the Steward family's) motion for summary judgment, which denied all of Fern Bluff's claims and awarded the Steward family attorney's fees. Because the Steward family did not conclusively disprove an essential element of Fern Bluff's claims, we reverse and remand.

## BACKGROUND

In 2018, the Steward family purchased their home in the Fern Bluff Section Two Community (the Community) in Round Rock, Texas. A declaration of restrictions encumbers lots in the Community with restrictive covenants. That declaration, which was originally recorded in 1986 in the Williamson County public records, permits an action for injunctive relief and damages

to remedy violations. As a municipal utility district, Fern Bluff has the statutory authority to enforce its restrictive covenants under certain circumstances. *See* Tex. Water Code § 54.237(b) ("A district may take all actions necessary to enforce a restriction . . . when, in the reasonable judgment of the board of directors of the district, enforcement of the restriction is necessary to sustain taxable property values in the district."); *Quinn v. Harris*, No. 03-98-00117-CV, 1999 WL 125470, at *1 n.1 (Tex. App.—Austin Mar. 11, 1999, pet. denied) (not designated for publication) (citing Tex. Water Code § 54.237(b)).

Fern Bluff took issue with the Steward family parking a covered vehicle in their driveway for an extended period. In July 2018, Fern Bluff began sending the Steward family notices that they were violating the Community's restrictions prohibiting "[t]arps covering cars" and "what appears to be an inoperable vehicle with expired tags and/or inspection sticker" in public view. In later notices, Fern Bluff characterized the vehicle and tarp as "unsightly miscellaneous items" and noted that the Fern Bluff Architectural Control Committee had expanded the definition of "unsightly items" to include car covers, like the one covering the Steward family's vehicle.

In January 2023, after several notices of the same alleged violations each year from 2018 through 2022, Fern Bluff sued the Steward family for declaratory and injunctive relief related to purported violations of the following two restrictions, which state in relevant part:

> Section II(Q), Temporary Structures: No racing vehicle, or any vehicle without a current license plate shall be permitted to remain on any lot or be parked on a street adjoining a lot.
>
> Section II(R), Unsightly Articles; Vehicles: No article deemed to be unsightly by the [Architectural Control] Committee shall be permitted to remain on any Lot so as to be visible from adjoining property or public thoroughfares. Without limiting the generality of the foregoing, trailers, graders, trucks other than pickups, boats, tractors, campers, wagons, buses, motorcycles, motor scooters and garden maintenance equipment shall be kept at all times, except when in actual use, in

2

enclosed structures or screened from view and no repair or maintenance work shall be done on any of the foregoing, or on any automobile (other than minor emergency repairs), except in enclosed garages or other structures.

Fern Bluff sought statutory damages of $200 per day of violation under Section 202.004 of the Property Code. *See* Tex. Prop. Code § 202.004(c) ("A court may assess civil damages for the violation of a restrictive covenant in an amount not to exceed $200 for each day of the violation."). And Fern Bluff requested attorney's fees under Section 54.237 of the Water Code. *See* Tex. Water Code § 54.237(c) ("In addition to damages which a district is entitled to recover, a district shall be entitled to recover its costs and reasonable attorney's fees when a district is the prevailing party in litigation or an administrative proceeding to enforce a restriction."). Fern Bluff attached to its petition the Community's declaration of restrictions recorded in Williamson County, the definitions of "unsightly articles" approved by the Architectural Control Committee in 2021, and the final notice Fern Bluff sent to the Steward family through counsel in October 2022.

The Steward family answered with a general denial and affirmative defenses. In October 2023, the Steward family moved for traditional summary judgment, arguing that Fern Bluff cannot prevail on its claims for violations of either Section II(Q) or (R).[1] Specifically, the Steward family argued that their vehicle is licensed and operable, that there are no recorded restrictions that prohibit the use of a car cover, and that Fern Bluff's claims are barred by a four-year statute of limitations. The Steward family also sought attorney's fees under the Uniform Declaratory Judgments Act. Evidence attached to their motion included the Community's declaration of restrictions; recorded appointments of new members to the Community's Architectural Control Committee from 1994 through 1996; an Architectural Control Committee

---

[1] The Steward family did not seek summary judgment on any affirmative defenses.

3

amendment from July 2012; a vehicle registration of an antique Ford Bronco valid through February 2024; various violation notices sent by Fern Bluff that include photographs of the covered vehicle; and documents supporting their request for attorney's fees.

Fern Bluff objected to some of the Steward family's summary-judgment evidence, but a ruling on those objections is not in the record. Fern Bluff also argued that the Steward family failed to satisfy their summary-judgment burden to disprove an element of each of its claims. Fern Bluff did not attach any summary-judgment evidence to its response, instead attaching its discovery requests served on the Steward family (which had not yet been answered) in support of its contention that genuine fact issues remain and its alternative request that the trial court grant a continuance for additional discovery.

The Steward family filed a reply in support of their motion for summary judgment, and following a hearing, the trial court granted the Steward family's motion for summary judgment and denied Fern Bluff's claims without providing its reasoning. It also awarded the Steward family $14,500 in attorney's fees, as well as conditional appellate attorney's fees and court costs. Fern Bluff appeals.

**LEGAL STANDARDS**

A defendant moving for traditional summary judgment must show that there is no genuine issue of material fact such that she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Thus, the defendant must either conclusively disprove at least one element of each of the plaintiff's claims or conclusively prove each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). If the defendant carries her summary-judgment burden, then the burden shifts to the plaintiff to produce evidence that raises a

4

genuine issue of material fact and precludes summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). We review summary judgments de novo. *Id.* In our review, we credit evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in her favor. *Id.* When the trial court grants summary judgment without specifying the reasons, as here, we must affirm if any of the theories asserted in the summary-judgment motion have merit. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

The issues on appeal address the construction of restrictive covenants, which are subject to the general rules of contract construction and de novo review. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998); *Owens v. Ousey*, 241 S.W.3d 124, 129 (Tex. App.—Austin 2007, pet. denied).

## DISCUSSION

In five issues on appeal that we reorder for clarity, Fern Bluff challenges the trial court's order granting the Steward family's motion for summary judgment, denying its claims, and awarding the Steward family attorney's fees. First, Fern Bluff argues that the four-year statute of limitations is inapplicable to municipal utility districts such that its claims are not time barred. As to the purported violations of Section II(Q), Fern Bluff contends that the Steward family did not make a prima facie showing that their vehicle has a current license plate. As to the purported violations of Section II(R), Fern Bluff argues that (i) the Steward family failed to establish as a matter of law that their vehicle is currently operable, (ii) the Community's "unsightly articles" restriction was incorporated into the recorded restrictions, and (iii) the Steward family failed to establish that their car cover was not deemed "unsightly" by the Architectural Control Committee. Finally, Fern Bluff maintains that the trial court's award of attorney's fees should be reversed.

## I. Whether summary judgment was appropriate based on the statute-of-limitations argument

Fern Bluff contends that the Steward family's four-year-statute-of-limitations argument cannot support the trial court's order granting summary judgment because the statute that the Steward family cited in support of that argument does not apply to claims asserted by a municipal utility district. Generally, actions to enforce a restrictive covenant are subject to a four-year statute of limitations. *See Daniels v. Balcones Woods Club, Inc.*, No. 03-03-00310-CV, 2006 WL 263589, at *5 (Tex. App.—Austin Feb. 2, 2006, pet. denied) (mem. op.) (citing *Air Park–Dall. Zoning Comm. v. Crow–Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 911 (Tex. App.—Dallas 2003, no pet.)); Tex. Civ. Prac. & Rem. Code § 16.051 (providing four-year residual limitations period). However, this statute of limitations does not apply to bar the rights asserted by a municipal utility district. *See* Tex. Civ. Prac. & Rem. Code § 16.061(a) ("A right of action of . . . a municipal utility district . . . is not barred by any of the following sections: . . . 16.051[.]"). The Steward family effectively concedes this point on appeal, and the fact that Fern Bluff is a municipal utility district under the applicable statute is undisputed. *See id.* § 16.061(b)(3) (defining "municipal utility district").

Thus, to the extent that the trial court's order granting summary judgment in the Steward family's favor was based on their statute-of-limitations argument, that was error, and we sustain Fern Bluff's issue on this point.

## II. Whether summary judgment was appropriate as to Fern Bluff's claims regarding alleged violations of Section II(Q)

Fern Bluff argues that the Steward family failed to establish a prima facie case that they were not in violation of the Community's restriction in Section II(Q), which prohibits "any vehicle without a current license plate . . . to remain on any lot or be parked on a street adjoining

6

a lot." Fern Bluff acknowledges that the Steward family attached as evidence to their summary-judgment motion a Texas Department of Motor Vehicles Title Application Receipt for an antique Ford Bronco owned by Nicholas Steward with a Texas license plate number that is valid from March 29, 2019, through February 2024. However, Fern Bluff maintains that because there is no summary-judgment evidence connecting the antique Ford Bronco's license plate number and registration to the covered vehicle parked in the Steward family's driveway, this evidence is insufficient to disprove as a matter of law an essential element of Fern Bluff's claim regarding this restriction.[2] That is, while there are photos of the covered vehicle in summary-judgment evidence, because the vehicle is covered in the photos, there is no indication of whether the vehicle has a license plate and if so, the license plate number, or even the make or model of the vehicle.

We agree with Fern Bluff. Under the applicable standard of review for summary judgment, we indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Little v. Texas Dep't of Crim. Just.*, 148 S.W.3d 374, 381 (Tex. 2004) (citing *M.D. Anderson Hosp. and Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000)). But the Steward family's argument requires an inference drawn in *their* favor—that the license plate for the Steward family's covered vehicle is the one referenced in the receipt issuing a Texas license plate for an antique Ford Bronco. That inverts the standard of review: "summary judgment cannot be based on the inferences that [movants] would have us draw from the evidence." *State v. Durham*, 860 S.W.2d 63, 66 (Tex.

---

[2] The Steward family contends that Fern Bluff waived this issue by not first making it before the trial court. However, in its opposition to the Steward family's motion for summary judgment, Fern Bluff argued that the Steward family "failed to provide any evidence that the car has (or ever had) a current license plate or registration sticker, and [Fern Bluff] has yet to see evidence of this due to 1) [the Steward family's] continued use of an unauthorized car cover, and 2) [the Steward family's] refusal to provide any evidence whatsoever that the vehicle maintains a valid license plate." We conclude that this argument to the trial court was sufficient to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a).

1993) (citing *Great Am. Rsrv. Ins. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965)).

Thus, the trial court erred by granting the Steward family summary judgment on this claim because they did not disprove, as a matter of law, an element of Fern Bluff's claim seeking declaratory and injunctive relief related to the Section II(Q) violations. We sustain Fern Bluff's issue on this point.

### III. Whether summary judgment was appropriate as to Fern Bluff's claims regarding alleged violations of Section II(R)

Next, Fern Bluff argues that the trial court erred by granting the Steward family's summary-judgment motion as to its claims for purported violations of Section II(R), which restricts any "article deemed to be unsightly by the [Architectural Control] Committee to remain on any Lot so as to be visible from adjoining property or public thoroughfares." Fern Bluff contends that the purported Section II(R) violations stem from the Steward family's vehicle being "inoperable" and covered with a tarp or car cover while visible to the public. The Steward family's summary-judgment motion urged the following points in support of their Section II(R) argument: their vehicle is operable, there are no recorded restrictions in Williamson County public records prohibiting car covers in the Community, and Fern Bluff lacks the authority to serve or function as the Community's Architectural Control Committee—the entity that Section II(R) states will determine what constitutes an "unsightly" article.

But the Steward family's arguments on this point are inapposite. That is, the applicable restrictive covenant, Section II(R), prohibits "unsightly" articles as determined by the Community's Architectural Control Committee, which the declaration of restrictions creates and for which it provides governing terms. *See* Tex. Water Code § 54.237(a) (defining "restriction"

8

as "a limitation on the use of real property that is established or incorporated in properly recorded covenants, property restrictions, plats, plans, deeds, or other instruments affecting real property in a district and that has not been abandoned, waived, or properly rescinded"). Whether the Steward family's vehicle is operable does not mean, as a matter of law, that it cannot also be deemed "unsightly" by the Committee.[3] *See T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 162 S.W.3d 564, 568 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting that courts "apply the plain, ordinary, and generally accepted meaning" of term not defined by instrument (citing *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996))); *Operable*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/operable (last visited June 5, 2025) (defining "operable" as "fit, possible, or desirable to use"); *Unsightly*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/unsightly (last visited June 5, 2025) (defining "unsightly" as "not pleasing to the sight"); *see also* Tex. Prop. Code § 202.003(a) ("A restrictive covenant shall be liberally construed to give effect to its purposes and intent.").

Further, though the Steward family takes issue with the fact that the Architectural Control Committee's prohibition on tarps is not recorded, the applicable restriction undisputably is recorded, as established by the Steward family's own summary-judgment evidence. And as a municipal utility district, Fern Bluff has the statutory authority to enforce its restrictive covenants. *See* Tex. Water Code § 54.237(b). In bringing the claim for purported violations of Section II(R), Fern Bluff did not purport to serve or function as the Architectural Control Committee but to enforce the restrictive covenants that encumber lots in the Community.

---

[3] Neither "operable" nor "unsightly" is defined in the declaration.

Thus, to disprove an essential element of Fern Bluff's claims regarding Section II(R) violations, the Steward family was required to establish as a matter of law that their alleged violations are not "unsightly" as deemed by the Community's Architectural Control Committee. The Steward family has not carried its burden—to disprove an element of Fern Bluff's claim seeking declaratory and injunctive relief related to the purported violations of Section II(R)—and the trial court erred by granting summary judgment in their favor on this claim.[4] We sustain Fern Bluff's issue on this point.

Having concluded that summary judgment in the Steward family's favor was error, we likewise sustain Fern Bluff's issue requesting that the attorney's fees award be reversed. *See Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 712 (Tex. 2021) ("Where the extent to which a party prevailed has changed on appeal, our practice has been to remand the issue of attorney fees to the trial court for reconsideration of what is equitable and just.").

## CONCLUSION

Having addressed each possible ground for summary judgment, we reverse the trial court's summary judgment and award of attorney's fees to the Steward family, and we remand the cause to the trial court for proceedings consistent with this opinion.

---

[4] For the first time in their appellee's brief, the Steward family urges this Court to construe their traditional motion for summary judgment as a hybrid traditional/no-evidence motion. We decline to consider the motion as a hybrid motion because the Steward family did not make that argument before the trial court, and the trial court did not consider the merits of a no-evidence motion for summary judgment. That is, the Steward family's motion is titled as a traditional summary judgment, cites traditional summary-judgment caselaw, and requests that the trial court grant a traditional summary judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Theofanis, Crump, and Ellis

Reversed and Remanded

Filed:   June 11, 2025